UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHH Mortgage Corporation,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Eileen M. Woolley, Keybank National Association f/k/a Key Bank of Southeastern New York, N.A., and "John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,<br><br>                              Defendants. | 2:25-cv-5862<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

The Court has reviewed the Complaint (Compl., ECF No. 1) and Corporate Disclosure Statement (ECF No. 4) filed by Plaintiff PHH Mortgage Corporation ("PHH Mortgage") and has determined that PHH Mortgage has failed to establish whether this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons set forth below, PHH Mortgage is directed to show cause by **November 18, 2025**, in writing, through sworn affidavit, why this Court should not dismiss this action without prejudice for lack of subject matter jurisdiction.

**LEGAL STANDARDS**

This Court has an independent obligation to determine if subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court

lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Federal Rule of Civil Procedures ("Fed. R. Civ. P.") 12(h)(3).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Determining whether there is complete diversity requires assessing the citizenship of each party. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (citation omitted).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

2

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (*i.e.*, how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

For diversity purposes, "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016).

Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of establishing diversity. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v. HiPower Cycles, LLC*, No. 16-cv-996, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. Mar. 6, 2016) (holding that "allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties") (citation omitted).

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith

3

representation of the actual amount in controversy." *Id.* The amount in controversy alleged must be plausible, i.e., supported by facts in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x. 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where plaintiff's "allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth.").

## DISCUSSION

The Complaint establishes that the amount in controversy exceeds $75,000 as required for jurisdiction under 28 U.S.C. § 1332(a) because it alleges that Defendants are indebted to Plaintiff for the "unpaid principal amount, due under the Note as modified, [of] $201,240.83 . . . together with all accrued and unpaid interest, late charges and other fees and costs permitted by the Note, Mortgage and Loan Modification Agreement." (Compl. ¶ 20(a).)

While the Complaint fails to establish the citizenship of Plaintiff PHH Mortgage by failing to allege its principal place of business, *Bayerische*, 692 F.3d at 48, the Corporate Disclosure Statement properly establishes that PHH Mortgage is a citizen of New Jersey because "it was incorporated in New Jersey and maintains its principal place of business in New Jersey." (ECF No. 4 at 1.)

The Complaint fails, however, to plead sufficient facts to demonstrate that there is complete diversity between the parties because it does not establish the citizenship of either of the named Defendants in the action. (Compl. ¶¶ 3–4.) With respect to Defendant Eileen Woolley, the Complaint alleges only that Woolley is, "upon information and belief, a resident and citizen of the State of New York . . . ." (Compl. ¶ 3.) Similarly, the Complaint alleges only that Keybank, "upon information and belief, is a . . . citizen of the State of Ohio . . . ." (Compl. ¶ 4.) But these conclusory allegations are inadequate because they lack support. Allegations made

4

"upon information and belief" are insufficient to establish a party's citizenship for purposes of diversity jurisdiction. *See Snyder Corp.*, 2018 WL 1428254, at *2; *see also Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880 at *2.

The Complaint fails to establish the citizenship of Defendants for the additional following reasons. The Complaint alleges only that Woolley "is a resident and citizen of the State of New York, having an address at 812 Sylvan Avenue, Bayport, New York 11705." (Compl. ¶ 3.) This is a conclusory allegation that Woolley is a citizen of New York solely by virtue of her residence, without addressing domicile. *See Van Buskirk*, 935 F.3d at 54 (holding that allegations of residency alone are insufficient to establish citizenship for diversity jurisdiction purposes). The Complaint also alleges that Keybank National Association is a citizen of Ohio because it has an address there. (Compl. ¶ 4.) But as a national bank, Keybank "is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A.*, 827 F.3d at 219. The Complaint does not indicate which state is listed as Keybank's main office in its articles of association. The Complaint therefore fails to establish the citizenship of Keybank National Association for the purposes of diversity jurisdiction.

Finally, the Complaint names twelve unidentified "John Doe" Defendants, referring to any "persons or parties" who are presently unknown to PHH Mortgage but are "holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property." (Compl. ¶ 4.) The determination of complete diversity requires an affirmative statement of the citizenship of each party named in the Complaint. *Snyder Corp.*, 2018 WL 1428254 at *2. There are no allegations as to the citizenship of any of the fictitious defendants. PHH Mortgage shall

5

address why the failure to allege the citizenship of the fictitious defendants is not a defect precluding diversity jurisdiction over this action.

## CONCLUSION

For the reasons set forth above, PHH Mortgage is directed to show cause by **November 18, 2025** in writing, through sworn affidavit, why this Court should not dismiss this case for lack of subject matter jurisdiction, without prejudice to filing in the proper forum.

If PHH Mortgage does not respond by **November 18, 2025**, or if its response does not show that the Court has subject matter jurisdiction over this action, the Complaint will be dismissed for lack of subject matter jurisdiction.

Dated: Central Islip, New York
November 4, 2025

                                                            */s/ Nusrat J. Choudhury*
                                                          NUSRAT J. CHOUDHURY
                                                          United States District Judge